UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:10CV343 JCH |
| ) | |
| OLIN CORPORATION, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Olin Corporation's Motion to Dismiss or Transfer Venue, filed May 6, 2010. (Defendant's Motion to Dismiss or Transfer Venue ("Motion"), Doc. No. 5). The Motion is fully briefed and ready for disposition.

**BACKGROUND**

Defendant purchased boiler and machinery property insurance from Plaintiff. (Complaint for Declaratory Judgment ("Compl."), Doc. No. 1, ¶ 1). On December 23, 2008, Defendant provided Plaintiff with a notice of loss at their chemical manufacturing facility ("Nevada Plant"). (Id.) Nevada Plant is located in Henderson, Nevada. (Id., ¶ 7). On January 26, 2010 Plaintiff advised Defendant in a letter of its decision that damage to the Nevada Plant was not covered under the boiler and machinery property insurance policy. (Doc. No. 1-4, p. 1). The letter included detailed findings to support Plaintiff's decision not to cover the loss and invited Defendant to submit any additional information that could impact Plaintiff's decision. (Id., p. 6). On February 26, 2010, Plaintiff filed this action for declaratory judgment seeking a judgment that the loss was not covered under the boiler and machinery property insurance policy. (Compl., *passim*). On April 29, 2010, Defendant filed a separate action against Plaintiff and other insurance companies for payment on policies arising from

the damages suffered at Nevada Plant in the District of Nevada. (Doc. No. 6-1).[1] On May 6, 2010, Defendant filed a Motion to Dismiss this action in favor of the Nevada action, or in the alternative a Motion to Transfer Venue to the District of Nevada. (Doc. No. 5). Because this Court grants Defendant's Motion to Transfer, the Court does not address the issues in the Motion to Dismiss so that they may be addressed by the District Court of Nevada.

## DISCUSSION

**I.    Motion to Transfer**

    A.    Standard

28 U.S.C. § 1404(a) governs the ability of a federal district court to transfer a case to another venue. That provision provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Id. "In considering a § 1404(a) motion, the Court must give great weight to the plaintiff's choice of a proper venue. That choice should only be disturbed upon a clear showing that the balance of interests weighs in favor of the movant's choice of venue." Anheuser-Busch, Inc. v. City Merch., 176 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (internal citations omitted). The court should consider these factors when evaluating a motion to transfer: "1) the convenience of the parties; 2) the convenience of non-party witnesses; 3) the availability of the judicial process to compel testimony from hostile witnesses; 4) the governing law; 5) relative ease of access to sources of proof; 6) possibility of delay and prejudice if transfer is granted; and 7) practical considerations of cost and

---

[1] In addition to Continental Casualty, the Nevada Plant was insured by the following property insurers: Factory Mutual Insurance Company, Zurich American Insurance Company, Zurich Insurance Ireland Ltd., National Union Fire Insurance Company of Pittsburgh, Pennsylvania, and ACE American Insurance Company (together, "Property Insurers"). (Reply in Support of Olin Corporation's Motion to Dismiss or Transfer ("Reply"), Doc. No. 16, p. 1, n. 1). The Property Insurers are all named in the Nevada action.

efficiency." Id.; see also Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997) ("The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice."). The convenience of the witnesses, however, is the "primary, if not most important" factor. Anheuser-Busch, Inc., 176 F. Supp. 2d at 959 (citing May Dep't Stores Co. v. Wilansky, 900 F. Supp. 1154, 1165 (E.D. Mo. 1995)). After considering the factors considered under 28 U.S.C. § 1404(a), this Court finds they favor granting the Motion to Transfer Venue.

B. Convenience of Witnesses

First, the convenience of the witnesses is best served by transferring the action to the District of Nevada. Defendant has identified eight likely witnesses that reside in Nevada. (Reply, p. 7). Plaintiff identifies seven witnesses from Tennessee, Texas, Rhode Island, New York, New Jersey, and California. (Continental Casualty's Response to Olin's Motion to Dismiss and/or Transfer Venue ("Response"), Doc. No. 14, p. 14; see also Reply, p. 7). None of those witnesses, however, reside in this District. Presumably these witnesses would be similarly inconvenienced by a trial in the District of Nevada. Plaintiff cites to Millennium Prods., Inc. v. Gravity Boarding Co., Inc., 127 F. Supp. 2d 974, 980 (N.D. Ill. 2000) to support the proposition that "the convenience of witnesses who are employees of a corporate party is less significant than that of non-party witnesses; it is reasonable to assume that these employees will be made available for trial[.]" Even if this Court accepts the proposition that corporate employees should be given less significance, venue in this district is still not warranted. Plaintiff has not named any potential witnesses from this District.

C.     Access to Proof

Secondly, the parties will have easier access to the sources of proof in the District of Nevada. The losses occurred in the Nevada Plant in Henderson, Nevada. The damaged equipment is located at Nevada Plant. (Memorandum in Support of Defendant Olin Corporation's Motion to Dismiss or Transfer Venue ("Memorandum"), Doc. No. 6, p. 15). Having the trial in Nevada would allow the jury to view this evidence, if necessary.

Plaintiff argues that the threshold issue in this case is an interpretation of the insurance policy negotiated between AON and Continental Casualty. (Response, p. 13). Plaintiff claims the testimony of New York witnesses from AON would be required. (Id.) The Court, however, does not find that venue in Missouri would be more convenient to those witnesses than venue in Nevada. Likewise, evidence regarding the insurance policy and other documents are easily transportable and viewable in any location, unlike the Nevada Plant.

D.     Residence of Defendant

Plaintiff emphasizes that the defendant, Olin Corporation, resides in the district. (Response, pp. 1, 12). The Court notes that Olin's residence makes venue proper in the district. See 28 U.S.C. § 1391 ("A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides[.]"). The Court finds that, although venue is possible in this District, the factors outlined in 28 U.S.C. §1404(a) require transfer of this action to Nevada.

Accordingly, the Court grants Defendant's Motion to Transfer Venue.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or Transfer Venue (Doc. No. 5) is **GRANTED**, in part. Defendant's Motion to Transfer is **GRANTED**. A separate Order of Transfer is filed herewith.

**IT IS FURTHER ORDERED** that Defendant Olin Corporation's Request for Oral Argument (Doc. No. 18) is **DENIED**.

Dated this 30th day of July, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE